653 F.2d 351
 26 Empl. Prac. Dec. P 31,979
 Rosalyn RUBIN, Appellee,
v.
UNIVERSITY OF MINNESOTA, the Regents of the University of
Minnesota, the College of Education of the University of
Minnesota, C. Peter Magrath, Jack Merwin, Darrell Lewis,
Eloise Jaeger, Maynard Reynolds, Henry Koffler, Richard
Weinberg, John Taborn, Myron Egeland, David W. Johnson and
John Rynders, Appellants.
 No. 80-1839.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 21, 1981.
Decided July 10, 1981.
 
 Collins, Buckley, Sauntry & Haugh, Theodore J. Collins, Mark W. Gehan, Jr., St. Paul, Minn., for appellee.
 John Levine, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Thomas Tinkham, Marianne D. Short, Minneapolis, Minn., for appellants.
 Before HEANEY and BRIGHT, Circuit Judges, and HARRIS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Rosalyn Rubin brought this action against the University of Minnesota, its officials, staff, and Board of Trustees, under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., alleging wrongful denial of tenure on the basis of sex and unlawful retaliation in response to her complaints of discrimination. Dr. Rubin applied for a preliminary injunction to prevent the University from discharging her or interfering with her attempts to obtain funding for the research project she directed. The district court granted the injunction, which the University now appeals. Under the unique circumstances of this case, we authorize continuance of the injunction without prejudice to appellants' contentions pending prompt resolution of the merits of Rubin's case.
 
 
 2
 Since 1966, Dr. Rubin has worked on the Perinatal Research Study at the College of Education of the University of Minnesota. She now serves as Director and Principal Investigator of the project, a nontenured position that the University classifies as Research Associate/Associate Professor. The study began at many institutions in 1959 and continues at the University of Minnesota today. For reasons disputed by the parties, the University chose not to apply for funding to continue the project after June 1980 and prevented Dr. Rubin from making any such applications. Without intervention of the district court, the project would have ceased at the University in June 1980.
 
 
 3
 In 1975, Rubin applied for, but did not receive, a tenured position at the School of Education. She subsequently charged that the University wrongfully denied her the position on the basis of sex. She later alleged that the University had engaged in a course of conduct, including deciding to end participation in the Perinatal Project, in retaliation for her filing the sex discrimination charge. On June 11, 1980, Rubin moved to enjoin the University from ending her employment or interfering with application for funding.
 
 
 4
 After a full hearing, the district court determined: 1) that Rubin had demonstrated a substantial likelihood that the decision to terminate her project was a retaliatory act; 2) that Rubin would suffer irreparable harm if an injunction did not issue; and 3) that the balance of equities and the public interest favored issuance of an injunction. Accordingly, the court granted the following injunction:
 
 
 5
 The University of Minnesota, its agents, servants, and employees are hereby restrained from discharging the plaintiff; from prohibiting her employment at the University of Minnesota, or its branches; and from failing to remunerate Dr. Rosalyn Rubin for her services.
 
 
 6
 The defendants are further restrained from interfering with applications for grant funding, administration, or project management, and they are required affirmatively to cooperate with plaintiff in the continuation and completion of that project known as the "Perinatal Research Study," pending a final hearing and determination of the merits of this action.
 
 
 7
 The University contends that the district court abused its discretion in granting the preliminary injunction. It asserts that Rubin did not establish irreparable harm or probable success on the merits, that the court made erroneous factual findings, and that the court granted inappropriate relief.
 
 
 8
 This appeal raises difficult questions of law and fact. We decline, however, to reach these issues now because circumstances have changed since the injunction issued. Under the injunctive order, Rubin has continued her service with the project and has made a number of funding applications, many of which remain pending before public and private foundations. Moreover, the parties have advised the court that the case is ready for trial on the merits and could be tried shortly.
 
 
 9
 Clearly, if we vacate the injunction, possible funding and continuity of the project would be threatened. Should Rubin succeed on the merits, she could not be made completely whole by restoring her to her former position. Because the grant applications are now before the funding agencies, the threat of irreparable harm exists today, regardless of whether that threat existed at the time of the injunction. In addition, with the trial about to take place, the balance of equities clearly favors Rubin, again regardless of the balance when the injunction issued. Under these unique circumstances, we believe it inappropriate to alter the current status quo when the parties will soon engage in a full trial on the merits.
 
 
 10
 Pursuant to the inherent power of this court, therefore, we continue the injunction pending prompt trial on the merits now scheduled before Magistrate Earl Cudd. We reiterate that our continuation of the injunction does not constitute any determination on the merits of this appeal.
 
 
 11
 We direct Magistrate Cudd to expedite the trial and resolution of this case. We also advise the parties of our intention to expedite any appeal taken from a final judgment on the merits. Should this matter be delayed in the district court, the University may apply to this court for appropriate relief.
 
 
 12
 Each party shall bear its own costs.
 
 
 
 *
 OREN R. HARRIS, United States Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation